IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT MORRIS AND DIANA MORRIS,<br><br>Plaintiffs,<br><br>v.<br><br>WALNER TALLEYRAND, J.B. HUNT TRANSPORT, INC., AND ACE AMERICAN INSURANCE CO.,<br><br>Defendants. | ) | Civil Action File No:<br><br>__________________<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COME NOW Robert Morris and Diana Morris, Plaintiffs in the above-styled civil action, and state their complaint for damages against Defendants Walner Talleyrand, J. B. Hunt Transport, Inc., and Ace American Insurance Co., and show as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

Plaintiffs Robert Morris and Diana Morris (collectively "Plaintiffs") are citizens of the State of Texas and reside at 7 Bermuda Dunes Drive, Seguin, Texas 78155. Plaintiffs resided at this address when the incident giving rise to the claims in this case occurred.

2.

Defendant Walner Talleyrand ("Defendant Talleyrand") is a citizen of the State of Florida and resides at 14891 SW 18 Street, Miramar, Florida 33027. Defendant Talleyrand resided at this address when the incident giving rise to the claims in this case occurred. Defendant Talleyrand may be served the summons and complaint at his place of residence, or wherever he may be found. Defendant Talleyrand is subject to the venue and jurisdiction of this Court.

3.

Defendant Talleyrand is liable for his own independent acts of negligence.

4.

Defendant J.B. Hunt Transport, Inc. ("J.B. Hunt") is a Georgia domestic for profit corporation doing substantial and continuous business in Georgia. Defendant J.B. Hunt may be served the summons and complaint by and through its registered agent for service of process, CSC of Cobb County, Inc., at 192 Anderson Street SE, Suite 125, Marietta, Georgia 30060. Defendant J.B. Hunt maintains its principal office address at P.O. Box 130, Attn: Sharon Netherton, Lowell, AK 72745. Defendant J.B. Hunt is subject to the venue and jurisdiction of this Court.

5.

Defendant J.B. Hunt maintains an office address of 833 Warner Street, SW, Atlanta, Georgia 30310, within the Atlanta Division.

6.

Defendant J.B. Hunt conducts substantial logistics business and significant freight transportation operations, among other things, within the Atlanta Division, and maintains numerous additional offices and/or terminals, within the Atlanta Division, including but not limited to the following locations: (A) 2727 Paces Ferry Road, Suite 440, Atlanta, Georgia 30339; (B) 7930 White Road, Austell, Georgia 30168; (C) 368 – 398 Cleckler Road, Palmetto, Georgia 30268; (D) 705 Ruskin Drive, Forest Park, Georgia 30297; (E) 648 Sydney Court, Lithia Springs, Georgia 30122; (F) 195 King Mill Road, Suite 6804, McDonough, Georgia 30253; and (G) 8105 Williams Road, Palmetto, Georgia 30268.

7.

Defendant J.B. Hunt is liable for its own independent acts of negligence.

8.

Defendant J.B. Hunt is liable for the negligent acts or omissions of Defendant Talleyrand under the doctrine of *respondeat superior.*

9.

At all relevant times hereto, Defendant Talleyrand was an agent and/or employee of Defendant J.B. Hunt and was acting within the course and scope of his agency and/or employment with Defendant J. B. Hunt. Therefore, Defendant J.B. Hunt is vicariously liable, as *respondeat superior*, for all negligent actions and inactions of its agent and/or employee Defendant Talleyrand.

10.

Defendant Ace American Insurance Company ("Ace American") is a foreign insurance company formed under the laws of the State of Pennsylvania and doing substantial and continuous business in Georgia. Defendant Ace American may be served the summons and complaint by and through its registered agent for service of process, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia 30046. Defendant Ace American maintains its principal office address at 436 Walnut Street, Philadelphia, Pennsylvania 19106. Defendant Ace American is subject to the venue and jurisdiction of this Court.

11.

Defendant Ace American is independently liable for the acts of negligence of the motor carrier Defendant J.B. Hunt and its driver Defendant Talleyrand under O.C.G.A. §§ 40-1-112(c) and/or 40-2-140(d)(4), and other applicable statutory and/or common law.

12.

Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000.00, exclusive of costs and interest, and exists between citizens of different states.

13.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) because one or more defendants are subject to the Court's personal jurisdiction in this action.

14.

Venue is proper in this judicial district pursuant to Local Court Rule 3.1 of the United States District Court of the Northern District of Georgia because one or more defendants reside in this judicial district.

15.

Jurisdiction and venue in this Court are proper as to all Defendants, and Defendants may be served with the summons and complaint as authorized by law.

16.

Plaintiffs have paid all costs and fees and taken all necessary and proper steps to initiate this action.

17.

Plaintiffs state their intention and desire to bring each and every permissible, proper and authorized claim for damages under Georgia law against Defendants.

**COUNT I – NEGLIGENCE**

18.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 17 above as if they were fully stated verbatim herein.

19.

The events made the basis of this action occurred on or about May 4, 2023, in Knox County, Tennessee, on Interstate 40 near mile marker 373.

20.

At said time and place, Plaintiffs were traveling eastbound on Interstate 40.

21.

At said time and place, Defendant Talleyrand was operating a commercial tractor-trailer, owned, operated, maintained and/or controlled by Defendant J.B. Hunt, and was traveling in the same direction, eastbound on I-40 in an adjacent lane alongside the Plaintiffs' vehicle.

22.

Defendant Talleyrand failed to keep a proper lookout on the highway and collided with Plaintiffs' vehicle, when he attempted to negotiate a lane change into the lane in which the Plaintiffs were traveling, and sideswiped the Plaintiffs' vehicle with his commercial vehicle, which is owned, operated, maintained, and/or controlled by Defendant J.B. Hunt, and operated by Defendant Talleyrand, who was operating within the course and scope of his employment and/or agency with Defendant J.B. Hunt at the time of the collision.

23.

Said commercial vehicle was being operated and used with the authority, consent, and knowledge of Defendant J.B. Hunt in the very transaction out of which this action arises, and said vehicle was then and there being operated by Defendant J.B. Hunt, or by its servant, for the use and benefit of Defendant J.B. Hunt.

24.

As a result of the incident, Plaintiffs have suffered catastrophic and permanent physical injuries.

25.

Plaintiffs exercised ordinary care and diligence at all times herein and under the circumstances then existing.

26.

Defendants breached their duties owed to Plaintiffs by failing to exercise ordinary care to prevent injuries to fellow motorists on the highway, including Plaintiffs specifically.

27.

Plaintiffs are entitled to recover for their injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including, but not limited to, all compensatory, general, special, consequential, punitive and/or other damages permitted under Georgia law.

28.

The injuries sustained by Plaintiffs are the direct and proximate result of the negligence on the part of all Defendants. But for said negligence, Plaintiffs would not have suffered the injuries and losses set forth herein.

29.

Defendants are liable to Plaintiffs under the theories of negligence, negligence *per se*, gross negligence, and independent statutory liability as stated herein. Plaintiff sustained injuries because of Defendants' negligence, negligence *per se*, gross negligence, and statutory violations, when Defendant Talleyrand, who owed certain civil duties to Plaintiffs, did violate those duties in at least the following particulars:

a. In driving his tractor-trailer at speeds that were unsafe for highway travel;

b. In failing to keep a proper lookout for hazards upon or near the roadway when prudence so required;

c. In failing to adhere to routine and common industry standards regarding operation of the tractor-trailer at issue;

d. In driving his tractor-trailer without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

e. In driving his tractor-trailer in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390;

f. In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial;

g. In violating other applicable local, state, and federal laws and/or regulations; and

h. Other acts so deemed negligent and/or grossly negligent.

30.

Defendants were and are negligent *per se*.

31.

At all relevant times, Defendant J.B. Hunt owed certain duties to Plaintiffs. Notwithstanding those duties, Defendant J.B. Hunt did violate them in at least the following ways:

a. In negligently hiring, supervising, training, and retaining Defendant Talleyrand;

b. In negligently entrusting Defendant Talleyrand with the 2012 Peterbilt tractor-trailer owned, operated, maintained and controlled by Defendant J.B. Hunt;

c. In negligently failing to implement and utilize proper procedures to evaluate Defendant Talleyrand's skills and expertise for the operation of said tractor-trailer;

d. In failing to implement and utilize proper procedures to evaluate Defendant Talleyrand's skills and expertise generally; and

e. In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

32.

Defendant J.B. Hunt committed negligence when it entrusted a motor vehicle to Defendant Talleyrand. As the owner and/or operator of the motor vehicle driven by Defendant Talleyrand, Defendant J.B. Hunt entrusted its motor vehicle to another person. That person, Defendant Talleyrand, was an unlicensed, incompetent,

and/or reckless driver. Defendant J.B. Hunt knew or should have known that Defendant Talleyrand was unlicensed, incompetent, and/or reckless. Defendant Talleyrand was negligent on the occasion in question and said negligence was a direct and proximate cause of Plaintiffs' injuries.

33.

Defendants negligently breached the relevant duties owed to Plaintiffs. Such negligence was the cause in fact and a proximate cause of Plaintiffs' injuries.

34.

Defendants negligently failed to adhere to pertinent aspects of federal and state motor vehicle laws and/or regulations and federal and state motor common carrier laws and regulations.

35.

As a direct and proximate result of the breaches of duty by Defendants, Plaintiffs have suffered catastrophic and permanent physical injuries, medical expenses, past and future lost wages, and compensatory damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering and loss of enjoyment of life due to the violence of the collision, and serious and permanent injury to Plaintiffs' bodies and minds, among other things.

36.

By reason of the foregoing, Plaintiffs are entitled to recover compensatory damages from Defendants, jointly and severally, in an amount to be proven at trial.

37.

By reason of the foregoing, Plaintiffs are entitled to recover special damages from Defendants, jointly and severally, in an amount to be proven at trial.

38.

Plaintiffs are entitled to recover for their injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted, including but not limited to:

a. Past and future medical damages;

b. Past and future loss of earning capacity;

c. Past and future physical pain and suffering and mental anguish;

d. Past and future impairment;

e. Past and future disfigurement;

f. Past and future loss of enjoyment of life;

g. Punitive damages;

h. Costs of Court;

i. Costs of copies of depositions; and

j. Such other and further relief as the Court may deem just and proper.

**COUNT II – LOSS OF CONSORTIUM**

39.

Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 38 above as if they were fully stated verbatim herein.

40.

As a direct and proximate result of Defendants' negligence, Plaintiff Robert Morris has suffered and will suffer the loss of consortium of his wife, Diana Morris.

41.

As a direct and proximate result of Defendants' negligence, Plaintiff Diana Morris has suffered and will suffer the loss of consortium of her husband, Robert Morris.

42.

Plaintiffs are entitled to compensatory damages for their loss of consortium claim.

**COUNT III – PUNITIVE DAMAGES**

43.

Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 42 above as if they were fully stated verbatim herein.

44.

Plaintiffs are entitled to an award of punitive damages, without limitation or cap, because the actions of Defendants and their agents, representatives and/or employees showed willful misconduct, malice, fraud, wantonness, oppression, and entire want of care, which would raise the presumption of a conscious indifference to consequences and/or a specific intent to cause harm.

**COUNT IV – EXPENSES OF LITIGATION**

45.

Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 44 above as if they were fully stated verbatim herein.

46.

Because Defendants' actions were and are stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense, Plaintiffs are entitled to recover the necessary expenses of litigation, including an award of reasonable attorney's fees

and expenses required by this action, pursuant to O.C.G.A. § 13-6-11. Furthermore, Plaintiffs are entitled to all expenses of litigation and attorney's fees pursuant to all other Georgia statutory and common laws.

WHEREFORE, Plaintiffs pray that:

a. Process and summonses issue and Defendants be served as provided by law;

b. Plaintiffs have trial by jury;

c. Plaintiffs be awarded general, special, compensatory, incidental, consequential, punitive, and all other permissible damages in accordance with the enlightened conscience of an impartial jury;

d. Plaintiffs be awarded attorney's fees and costs of litigation in an amount which will be proven through the evidence at the time of trial;

e. Plaintiffs be awarded interests and costs; and

f. Plaintiffs be awarded such other and further relief as this Court deems just and proper and permitted under applicable law.

**TRIAL BY JURY IS HEREBY DEMANDED.**

This 15th day of January, 2024.

Respectfully submitted,

MICHAEL A. MILLS, P.C.

*/s/Michael A. Mills*

___________________________________
Michael A. Mills
Georgia Bar No. 509720

4751 Best Road
Suite 360
Atlanta, GA 30337
(404) 815-9220 (telephone)
mike@millslegal.net

PIERCE SKRABANEK, PLLC

*/s/ M. Paul Skrabanek*

__________________________________
M. Paul Skrabanek *Pro Hac Vice* Admission Pending)
Texas Bar No. 24063005

24 Greenway Plaza
Suite 500
Houston, TX 77046
(832) 690-7000 (telephone)
paul@pstriallaw.com

**LOCAL RULE 7.1D CERTIFICATION**

Pursuant to Local Rule 7.1D, I certify that this COMPLAINT FOR DAMAGES has been prepared with Courier New 12 Point, the font and point selections approved by this Court in Local Rule 5.1C.

Respectfully submitted,

MICHAEL A. MILLS, P.C.

*/s/Michael A. Mills*
__________________________________

Michael A. Mills
Georgia Bar No. 509720

4751 Best Road
Suite 360
Atlanta, GA 30337
(404) 815-9220 (telephone)
mike@millslegal.net